UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON CUNNINGHAM,<br><br>            Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>            Defendant. | Case No. CV 11-144 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

**I.    SUMMARY**

On January 13, 2011, plaintiff Sharon Cunningham ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; January 18, 2011 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand because the Administrative Law Judge ("ALJ") failed adequately to consider a listing that plausibly applied to plaintiff's case.

## II.  BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On March 29, 2007, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 103). Plaintiff asserted that she became disabled on April 21, 2006, due to broken hips, legs and pelvis. (AR 120). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on November 26, 2008. (AR 18-67).

On December 11, 2008, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 11). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: bilateral hip pain, status post bilateral pelvic sacroiliac ("SI") joint fixation, status post apparent femoral rodding for a right hip fracture, left lower extremity weakness, and left footdrop (AR 13); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 13-14); (3) plaintiff retained the residual functional capacity essentially to perform sedentary work (20 C.F.R. § 404.1567(a)) with certain restrictions[1] (AR 14);

---

[1] The ALJ determined that plaintiff: (i) could lift ten pounds and occasionally lift or carry articles like docket files, ledgers, and small tools; (ii) could stand and/or walk two hours in an eight-hour workday; (iii) could sit six hours in an eight-hour workday; (iv) could not perform pushing and pulling with the upper extremities at a force greater than ten pounds; (v) could not climb ladders, ropes, and scaffolds; (vi) could perform occasional climbing of ramps or stairs; (vii) could perform occasional balancing; (viii) could not perform stooping, kneeling, crouching, or crawling; (ix) must use a hand-held assistive device for prolonged ambulation, but was unable

(continued...)

(4) plaintiff could not perform her past relevant work (AR 15-16); and (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically personnel scheduler and final assembler and stuffer (AR 16-17).  Although the ALJ did not expressly state that plaintiff's allegations regarding her limitations were less than totally credible, the analysis in the administrative decision suggests that the ALJ so concluded.  (AR 14-15).

The Appeals Council denied plaintiff's application for review.  (AR 2-5).

## III.   APPLICABLE LEGAL STANDARDS

### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)   Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

///

///

---

[1](...continued)
to walk on uneven ground; and (x) could not work in any hazardous or high risk settings, such as work at unprotected heights or near dangerous machinery.  (AR 14).

|     |     |     |
| --- | --- | --- |
| | (2) | Is the claimant's alleged impairment sufficiently severe to limit claimant's ability to work?  If not, the claimant is not disabled.  If so, proceed to step three. |
| | (3) | Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four. |
| | (4) | Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five. |
| | (5) | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow claimant to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.    Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that a reversal or remand is warranted because the ALJ failed adequately to consider Listing 1.03, a listing that plausibly applies to plaintiff's case. (Plaintiff's Motion at 4).  As discussed in detail below, the Court agrees.  As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### 1. Pertinent Law

At step three of the evaluation process, the ALJ must determine whether a claimant has an impairment or combination of impairments that meets or equals a condition outlined in the listing.  See 20 C.F.R. § 404.1520(d).  An impairment matches a listing if it meets all of the specified medical criteria.  Sullivan v. Zebley, 493 U.S. 521, 530 (1990); Tackett, 180 F.3d at 1098.  An impairment that manifests only some of the criteria, no matter how severely, does not qualify. Sullivan, 493 U.S. at 530; Tackett, 180 F.3d at 1099. An unlisted impairment or combination of impairments is equivalent to a listed impairment if medical findings equal in severity to all of the criteria for the one most similar listed

///
///

impairment are present.[2]  Sullivan, 493 U.S. at 531; see 20 C.F.R. § 404.1526(b); SSR 83-19 (impairment is "equivalent" to a Listing only if claimant's symptoms, signs, and laboratory findings are "at least equivalent in severity" to the criteria for the listed impairment most like claimant's impairment).

    Although a claimant bears the burden of proving that she has an impairment or combination of impairments that meets or equals the criteria of a listed impairment, an ALJ must still adequately discuss and evaluate the evidence before concluding that a claimant's impairments fail to meet or equal a listing.  Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) ("[I]n determining whether a claimant equals a listing under step three . . . the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments."). Remand is appropriate where an ALJ fails adequately to consider a listing that

---

[2]Under Social Security regulations, medical equivalence can be found in three ways:

    (1) If you have an impairment that is described in [the Listing of Impairments]. . . but [¶] . . . [y]ou do not exhibit one or more of the findings specified in the particular listing, or [¶] . . . [y]ou exhibit all of the findings, but one or more of the findings is not as severe as specified in the particular listing, [¶] . . . [w]e will find that your impairment is medically equivalent to that listing if you have other findings related to your impairment that are at least of equal medical significance to the required criteria.

    (2) If you have an impairment(s) that is not described in [the Listing of Impairments] . . ., we will compare your findings with those for closely analogous listed impairments.  If the findings related to your impairment(s) are at least of equal medical significance to those of a listed impairment, we will find that your impairment(s) is medically equivalent to the analogous listing.

    (3) If you have a combination of impairments, no one of which meets a listing . . ., we will compare your findings with those for closely analogous listed impairments.  If the findings related to your impairments are at least of equal medical significance to those of a listed impairment, we will find that your combination of impairments is medically equivalent to that listing.

20 C.F.R. § 404.1526(b).

plausibly applies to a plaintiff's case.  See Lewis v. Apfel, 236 F.3d 503, 514 (9th Cir. 2001) (plaintiff must present plausible theory as to how an impairment or combination of impairments equals a listed impairment).

In order to be considered disabled under Listing 1.03, a claimant must show that she has had reconstructive surgery or surgical arthrodesis of a major weight-bearing joint which results in the claimant's "inability to ambulate effectively" and claimant's return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset.  20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.03.

Listing 1.00(B)(2)(b) defines "inability to ambulate effectively" as follows:

> (1) Definition.  Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities.  Ineffective ambulation is defined generally as having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.  (Listing 1.05C is an exception to this general definition because the individual has the use of only one upper extremity due to amputation of a hand.)
>
> (2) To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living.  They must have the ability to travel without companion assistance to and from a place of employment or school.  Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry

>out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00(B)(2)(b).

### 2. Analysis

Here, the Court concludes that the ALJ failed adequately to evaluate whether plaintiff's impairments met or medically equaled Listing 1.03, and that a remand on this basis is appropriate.

First, the record contains evidence that Listing 1.03 plausibly applies in plaintiff's case. The report of a May 2007 orthopedic examination of plaintiff reflects that in 2006 plaintiff underwent bilateral pelvic SI joint fixation surgery and rodding of the right femur to repair injuries to her pelvis and right proximal femur sustained during an automobile accident. (AR 150). X-rays of plaintiff's left hip taken at the time of the orthopedic examination revealed "a bulge in place across the SI joint of [plaintiff's] pelvis," "[a] suggestion of widening of bilateral SI joints, left greater than right" and "an old healed fracture of the left inferior pubic ramus." (AR 153). The examining orthopedic physician diagnosed plaintiff with, *inter alia*, "[s]tatus post bilateral pelvic SI joint fixation." (AR 153). The examining physician also opined that plaintiff had "significant problems in her left lower extremity" due to a "left foot pes valgus and obvious left footdrop" and that plaintiff could not stand or walk for more than half an hour without using a cane. (AR 153). In addition, the ALJ's residual functional capacity assessment notes that plaintiff was "unable to walk on uneven ground." (AR 14).

///
///
///

The above evidence plausibly suggests that, as required by Listing 1.03, plaintiff had reconstructive surgery or surgical arthrodesis[3] of a major weight bearing joint (*i.e.* SI joint fixation). See 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.03. The evidence also plausibly suggests that plaintiff was unable to ambulate effectively as defined in Listing 1.00(B)(2)(b) (*i.e.*, unable to walk on uneven ground). See 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00(B)(2)(b)(2) ("examples of ineffective ambulation include, but are not limited to . . . the inability to walk a block at a reasonable pace on rough or uneven surfaces.").

Second, although the ALJ discussed at step three whether plaintiff's physical impairments met or medically equaled listings 1.02(A) or 1.06, he did not conduct a similar analysis with respect to Listing 1.03. (AR 13-14). The ALJ's conclusory statement that plaintiff does not have "an impairment or combination of impairments that meets or medically equals one of the listed impairments . . ." (AR 13), without more, is insufficient to support the ALJ's implicit finding at step three that plaintiff's impairments did not meet or medically equal Listing 1.03. See Lewis, 236 F.3d at 512 ("An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so.") (citing Marcia, 900 F.2d at 176).

Finally, the Court concludes that it cannot find the ALJ's error to be harmless. Defendant contends that any error was harmless because, in the ALJ's evaluation of listings 1.02(A) or 1.06, the ALJ determined that plaintiff had failed to establish an inability to ambulate effectively – an essential showing under

---

[3] "Arthrodesis is a surgical procedure also known as joint fusion, which removes the damaged portion of the joint and is followed by implantation of screws, wires or plates to hold the bones together until they heal, letting the bones grow together or fuse." Reid v. Astrue, 2009 WL 368656, at *10 n.31 (S.D. Fla. Jan. 8, 2009) (citations omitted).

Listing 1.03. (Defendant's Motion at 2). To the extent the ALJ made such a finding, however, it is not supported by substantial evidence. Although the ALJ states in a conclusory manner that the examining physician "[did] not indicate impairment in [plaintiff's] ability to ambulate consistent with the requirements of [Listing 1.06]," the ALJ also acknowledged the examining physician's opinion that plaintiff has "significant problems in her left lower extremity because of the footdrop." (AR 14, 153). Moreover, the ALJ's conclusory finding that plaintiff failed to show that any impairment under Listing 1.02 "result[ed] in an inability to ambulate effectively" appears to conflict with the ALJ's own residual functional capacity assessment that plaintiff was "unable to walk on uneven ground" – which, as the ALJ expressly notes, is one of the Social Security Administration's own examples of "ineffective ambulation." (AR 14) (citing 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00(B)(2)(b)(2)).

      Defendant also contends that the ALJ's error was harmless because none of the state agency physicians upon which the ALJ relied opined that plaintiff met or equaled a listing level of impairment and, even if plaintiff was unable to walk on uneven ground, she did not suffer from any extreme limitations on her ability to ambulate contemplated by Listing 1.03. (Defendant's Motion at 3-5). This argument is unavailing as well. Although the ALJ could have determined based on the opinions of the state agency physicians that plaintiff's impairments are not of equal medical significance as those in Listing 1.03, or that plaintiff failed adequately to demonstrate the inability to ambulate effectively contemplated by the listings, the ALJ did not state as much in the decision, and the Court cannot so conclude on this record. The ALJ did not discuss, or even cite Listing 1.03 in his step three analysis. This Court is constrained to review the reasons cited by the ALJ. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).

///

///

For the foregoing reasons, the ALJ's adverse step three finding constitutes error which the Court cannot deem harmless. Accordingly, this case must be remanded for further consideration and clarification on the ALJ's step three finding.

## V. CONCLUSION[4]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[5]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 27, 2011

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[4]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate. On remand, however, the ALJ may wish to clarify his evaluation of plaintiff's credibility.

[5]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).